IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MAYRA JIMENEZ-PACHECO,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 12-1648 (DRD)
(CRIMINAL 10-335 (DRD))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. PROCEDURAL HISTORY

Petitioner, formerly a uniformed member of the Police of Puerto Rico, is one of many former police officers who have had second thoughts about entering into favorable plea agreements to serious drug and weapons charges, receiving the benefit of such agreements at the time of sentencing, and then seeking federal collateral review based on fairly meritless claims.[1]  A short history of the criminal case follows.

Petitioner Mayra Jimenez-Pacheco was indicted on September 16, 2010 in three counts of a 16-count indictment in which five other defendants, also law enforcement officers, were also indicted in a reverse sting operation.  The defendants were all uniformed members of the Police of Puerto Rico[2].

---

[1] See e.g. Ortiz-Muniz v. U.S., 2015 WL 1623021 (D.P.R. April 13, 2015); Bracero v. U.S., 2015 WL 1098637 (D.P.R. March 11, 2015).

[2] The involvement of police officers in reverse sting drug conspiracies does not raise eyebrows in this district. See United States v. Diaz-Castro, 752

CIVIL NO. 12-1648 (DRD)           2
(CRIMINAL NO. 10-0335 (DRD))

Petitioner was charged in Count Ten in that beginning on or about January 12, 2010 and up and including January 14, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this court, she and Raphael Urena Rivera did knowingly and intentionally combine, conspire, confederate, and agree together with each other and others, both known and unknown to the Grand Jury, to commit an offense against the United States, that is, to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii)(II) and 846. (Criminal No. 10-0335 (DRD), Docket No. 3). Count Eleven of the indictment is the corresponding substantive charge under 18 U.S.C. § 2 and 21 U.S.C. § 841 (a)(1). Count Eleven charges these two defendants with violating the corresponding aiding and abetting statute, 18 U.S.C. § 2 in that they aided and abetted each other in their attempt to possess with the intent to distribute cocaine on January 14, 2010. Count

---

F.3d 101, 104-05 (1st Cir. 2014) ("Operation Guard Shack"); e.g. United States v. Delgado-Marrero, 744 F.3d 167, 172 n. 1 (1st Cir. 2014) ("Operation Guard Shack" which yielded 26 indictments against 89 law enforcement officers in a 26-month period); United States v. Bristol-Martir, 570 F.3d 29 (1st Cir. 2009); United States v. Caraballo-Rodriguez, 480 F.3d 62 (1st Cir. 2007); United States v. Sanchez-Berrios, 424 F.3d 65 (1st Cir. 2005); United States v. Serrano-Beauvaix, 400 F.3d 50 (1st Cir. 2005); United States v. Flecha-Maldonado, 373 F.3d 170 (1st Cir. 2004); also see United States v. Gonzalez-Perez, 778 F.3d 3, 8 (1st Cir. 2015); United States v. Nieves-Velez, 28 F. Supp. 3d 131, 132 (D.P.R. 2014).

CIVIL NO. 12-1648 (DRD)              3
(CRIMINAL NO. 10-0335 (DRD))

Twelve charges petitioner with a firearms offense committed the same date, that is with knowingly possessing a firearm in furtherance of a drug trafficking crime as defined in Title 18, U.S.C. § 924(c)(2), that is, a violation of Title 21, U.S.C. §§ 841(a)(1) and 846, involving a conspiracy and attempt to possess with intent to distribute five kilograms or more a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, as charged in Counts Ten and Eleven of the Indictment herein, an offense, either of which may be prosecuted in a court of the United States, all in violation of 18 U.S.C. Section 924(c)(1)(A) and 2[3].

Because of the particular circumstances of the case, all defendants were appointed counsel prior to the initial appearances. All defendants were temporarily detained at their initial appearance on October 6, 2010 and all defendants were detained pending trial, including petitioner. (Criminal No. 10-0335 (DRD), Docket Nos. 29-33, 36). In the U.S. Magistrate Judge's Order of Detention, the following was noted:

> In addition to the evidence proffered as to the nature of the offense, the fact this defendant was a law enforcement [officer] at the time of

---

[3] Policemen and women who are charged in this court with protecting drug transactions are typically charged in this fashion. See e.g. United States v. Delgado-Marrero, 744 F.3d at 175; United States v. Diaz-Diaz, 433 F.3d 128, 131-32 (1st Cir. 2005); United States v. Sanchez-Berrios, 424 F.3d at 72; Reyes-Velazquez v. United States, 2012 WL 4483679 (D.P.R. March 5, 2012); cf. United States v. Cortes-Caban, 691 F.3d 1 (1st Cir. 2012).

CIVIL NO. 12-1648 (DRD)                    4
(CRIMINAL NO. 10-0335 (DRD))

>   the commission of the offense charged and the presumption of the charges, evidence of video recorded illegal activities shows, this defendant's participation in providing escort to the presumed controlled substances and the payment of monies to this defendant for the security provided to the presumed narcotic dealers, while defendant was armed. For this reason, defendant faces the additional charge of firearms in furtherance of a drug trafficking activity in violation of Title 18, United States Code, Section 924(c). There was strong evidence in support of government's request for detention for being a danger to the community upon participating in a drug trafficking conspiracy and the firearm charge in furtherance of a drug trafficking offense.

   (Criminal No. 10-0335 (DRD), Docket No. 32 at 2-3).

The findings as to other defendants were similar, almost identical. (Criminal No. 10-0335 (DRD), Docket Nos. 29-31, 33, 36). See Ortiz-Muniz v. U.S., 2015 WL 1623021 at *3; Bracero v. U.S., 2015 WL 1098637 at *2. After initially pleading not guilty to the charges on October 12, 2010, petitioner moved to change her plea on February 25, 2011. (Criminal No. 10-0335 (DRD), Docket No. 121). Petitioner entered a guilty plea on March 30, 2011 as to two of three counts in which she was charged, that is Counts Ten and Twelve. (Criminal No. 10-0335 (DRD), Docket No. 150).  The terms of the plea agreement called for holding petitioner accountable for at least 400 grams but less than 500 grams of cocaine, thus establishing a base offense level of 24, pursuant to U. S. S. G. § 2D1.1, and a 3-level reduction for acceptance of responsibility, pursuant to U. S. S. G. § 3E1.1(a). (Criminal No. 10-0335 (DRD), Docket No. 146 at 5). The parties agreed

CIVIL NO. 12-1648 (DRD)                                    5
(CRIMINAL NO. 10-0335 (DRD))

to a recommendation above the higher end of the applicable guideline, which was 37-46 months.  This would mean 108 months (48 months for Count Ten and 60 months for Count Twelve to run consecutively to each other, assuming a Criminal History Category of I.   Count Twelve  relates to the indictment and petitioner's pleading guilty to "possess[ing] a firearm in furtherance of a drug trafficking crime".  (Criminal No. 10-335 (DRD), Docket No. 146 at 2).

Petitioner was sentence on August 5, 2011 to 46 months as to the narcotics offense (at the higher end of the applicable sentencing guideline), to run consecutively to the 60 months provided for in the firearms offense. (Criminal No. 10-0335 (DRD), Docket Nos. 198, 199).  The remaining count was then dismissed, as provided for in the plea agreement.   Petitioner filed an untimely notice of appeal on February 8, 2012. (Criminal No. 10-0335 (DRD), Docket No. 227).  The court found that the waiver of appeal clause in the plea agreement was effective based upon the sentence but found the notice of appeal untimely.  The parties did not dispute that.  The court of appeals did note that petitioner could still exercise her rights under 28 U.S.C. § 2255 which they noted is subject to a one-year period of limitation. 28 U.S.C. § 2255(f). (Criminal No. 10-0335 (DRD), Docket No. 238).

## II. MOTION TO VACATE, SET ASIDE OR VACATE SENTENCE

CIVIL NO. 12-1648 (DRD)                6
(CRIMINAL NO. 10-0335 (DRD))

This matter is before the court on petitioner Mayra Jimenez-Pacheco's timely motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255, filed on August 9, 2012. (Docket No. 1.) Petitioner argues the following grounds for relief: 1) the weapon that she carried which appears in the only video is her regulation firearm which she carried all the time, and with which she had no intention of threatening anyone. Nor did she have the slightest intention of using the same. Nor did she threaten anyone with it; 2) The sentence imposed upon her in the firearms count is more than is contemplated by the law. She complains she received the maximum sentence; 3) Offense Level 21 in the cocaine charge begins at 37 months and ends at 46 months, and for a first offender, she received the maximum within the guideline when she could have received the minimum. (Docket No. 1 at 10).

On January 10, 2013, in response to the section 2255 motion, the government notes the obvious mistakes in petitioner's argument. Petitioner received the lowest possible sentence for the firearms count, 60 months, for carrying the same, not for threatening anyone with it or doing anything other than carrying it. And she received a sentence below the one agreed to in the plea agreement, within the sentencing guideline which triggered a waiver of appeal. In other words, she got a better deal than the one she bargained for. The government refers to the transcript of the proceedings which reflects that

CIVIL NO. 12-1648 (DRD)                    7
(CRIMINAL NO. 10-0335 (DRD))

petitioner was aware of the exposure and agreed to the same. The firearms count provides for a maximum penalty of LIFE IMPRISONMENT, not 60 months which is what she received.

Because petitioner appears pro se, her pleadings are considered more liberally, however inartfully or opaquely pleaded, than those penned and filed by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); Aguasvivas-Castillo v. U.S., 49 F. Supp. 3d 167 (D.P.R. 2014); Proverb v. O'Mara, 2009 WL 368617 at *1 (D.N.H. Feb. 13, 2009). Notwithstanding such license, petitioner's pro se status does not excuse her from complying with both procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); Acosta-Andujar v. U.S., 2014 WL 7915315 at *3 (D.P.R. February 18, 2014).

Having considered petitioner's arguments and the government's response, and for the reasons set forth below, I recommend that petitioner's motion to vacate, set aside, or correct sentence be DENIED without evidentiary hearing.

## III. DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution
> or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the

CIVIL NO. 12-1648 (DRD)                                8
(CRIMINAL NO. 10-0335 (DRD))

>sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27, 82 S. Ct. 468 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998); Acevedo-Hernandez v. U.S., 2015 WL 859548 at *6 (D.P.R. February 27, 2015).

"When a criminal defendant has solemnly admitted in open court that [s]he is in fact guilty of the offense with which [s]he is charged, [s]he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Lefkowitz v. Newsome, 420 U.S. 283, 288, 95 S. Ct. 886 (1975) (quoting Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602 (1973)); see Perocier-Morales v. United States, 887 F. Supp. 2d 399, 417 (D.P.R. 2012); Nieves-Ramos v. United States, 430 F. Supp. 2d at 43; Caraballo Terán v. United States, 975 F. Supp. 129, 134 (D.P.R. 1997). This is exactly what petitioner is doing here.

There was a waiver of appeal clause in the plea agreement. The sentencing court favored petitioner. Substantively the inquiry stops here. Petitioner's proffered grounds for relief do not fall under 28 U.S.C. § 2255 (a).

## IV. PROCEDURAL DEFAULT

With the briefest of analyses as background, I address the matter of procedural default.

CIVIL NO. 12-1648 (DRD)                9
(CRIMINAL NO. 10-0335 (DRD))

>A significant bar on habeas corpus relief is imposed when a prisoner did not raise claims at trial or on direct review.  In such cases, a court may hear those claims for the first time on habeas corpus review only if the petitioner has "cause" for having procedurally defaulted his claims, and if the petitioner suffered "actual prejudice" from the error of which [s]he complains.

United States v. Sampson, 820 F. Supp.2d 202, 220 (D.Mass. 2011), citing Owens v. United States, 483 F.3d 48, 56 (1st Cir. 2007), also citing Oakes v. United States, 400 F.3d 92, 95 (1st Cir. 2005) ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted.")  To obtain collateral relief in this case, petitioner must show cause excusing her double procedural default and actual prejudice resulting from the errors she is complaining about.  See United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982).  She has in fact shown no prejudice at all.  Indeed she was the recipient of a merciful sentence, with the scales of justice tipping slightly in her favor.  That said, petitioner's argument suffers from double procedural default, that is, failure to initially attack the validity of the basis for conviction by not moving to withdraw her guilty plea at the trial level, and failure to file a timely notice of appeal after sentencing.  See United States v. Frady, 456 U.S. at 167-68, 102 S. Ct. at 1594.

CIVIL NO. 12-1648 (DRD)                              10
(CRIMINAL NO. 10-0335 (DRD))

A guilty plea serves as a stipulation that no proof by the prosecution is further needed, since it supplies both evidence and verdict, thus ending the controversy. Boykin v. Alabama, 395 U.S. 238, 242 n. 4, 89 S. Ct. 1709 (1969). See Perez v. United States, 2007 WL 1830510 at *5 (D.P.R. June 25, 2007). The guilty plea is an admission that she committed the crime charged against her. United States v. Broce, 488 U.S. 563, 570, 109 S. Ct. 757 (1989), cited in United States v. Correa-Manso, 2006 WL 1514364 at *3 (D.P.R. May 30, 2006). Petitioner protected sham cocaine thinking it was real cocaine. She carried her service firearm when she did that. And she and her co-defendant Rafael Urena-Rivera were each paid $2,000 for their protective services. (Criminal No. 10-335 (DRD), Docket No. 146 at 13). She could have received a sentence of 20 years as to Count Ten and life imprisonment in Count Twelve, and she was clearly aware of her exposure. Furthermore her pleadings reflect a degree of ignorance in relation to her case that can only be described as wilful since she was a law enforcement officer at the time of the offense and aware of her rights under the law to a greater degree than a member of the elementary mass. The dialogue at the change of plea hearing only reaffirms that conclusion.   This further reinforces the conclusion that the motion lacks merit.

V. CONCLUSION

CIVIL NO. 12-1648 (DRD)              11
(CRIMINAL NO. 10-0335 (DRD))

Habeas corpus is an extraordinary remedy and is granted sparingly.[4] Direct review is more defendant-friendly than post-judgment review. United States v. George, 676 F.3d 249, 258 (1st Cir. 2012), citing United States v. Frady, 456 U.S. at 165-66, 102 S. Ct. at 1593. Thus it is in this case. See Ellis v. United States, 313 F.3d 636, 644-45 (1st Cir. 2002). This case does not invite an extraordinary remedy. It does not invite an ordinary remedy because it does not involve the violation of any rights at all. It is another example of the writ's commonplace use as an additional appeal. In short, the government complied with its part of the plea agreement, the court tempered justice with mercy, and petitioner somehow feels that she has an entitlement to additional judicial munificence. She is simply mistaken.

In view of the above, I find that petitioner Mayra Jimenez-Pacheco's motion is meritless. Indeed, petitioner filed a motion seeking reduction of her sentence under U. S. S. G. Amendment 782 on November 7, 2014. (Criminal

---

[4]The nature of the extraordinary writ is internationally recognized by scholars. See Antonio R. Bautista, *Habeas Corpus as a Post-Conviction Remedy*, Vol. 75 Philippine L. J. 553, 564-55 (2001); Cristina Fuertes-Planas Aleix, *Habeas Corpus*, No. 4 Rev. Elec. de Metodología e Historia del Derecho (www.ucm.es/info/kinesis/habeas20%corpus.htm) (Universidad Complutense de Madrid,2007); Humberto Nogueira Alcala, *El Habeas Corpus o Recurso de Amparo en Chile*, No. 102 Rev. De Estudios Politicos (Nueva Epoca) 193, 203 (Oct.-Dec. 1998); H.F. Rawlings, *Habeas Corpus and Preventive Detention in Singapore and Malaysia*, Vol. 25 Malaya L. Rev. 324-350 (1983). See Landron-Class v. U.S., ___F. Supp. 3d ___, 2015 WL 629301 at *4 (D.P.R. February 11, 2015).

CIVIL NO. 12-1648 (DRD)
(CRIMINAL NO. 10-0335 (DRD))                    12

No. 10-335 (DRD), Docket No. 250).  I issued a favorable report and recommendation on Christmas Day 2014 and the parties subsequently stipulated a sentence reduction to 37 months in the drug count.    (Criminal No. 10-335 (DRD), Docket No. 250).   Ultimately, again, petitioner received an even better sentence.  Cf. United States v. Nieves-Velez, 28 F. Supp. 3d at 133-34.

Accordingly, it is my recommendation that petitioner's  motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 (Docket No. 1) be DENIED.  No evidentiary hearing is warranted because the motion does not pass muster under 28 U.S.C. § 2255 (a).

Based upon the above, I also recommend that no certificate of appealability be issued,  because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S. Ct. 1029 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); Lassalle-Velazquez v. United States, 948 F. Supp. 2d 188, 193 (D.P.R. 2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which

CIVIL NO. 12-1648 (DRD)            13
(CRIMINAL NO. 10-0335 (DRD))

objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

In San Juan Puerto Rico this 8th day of May, 2015.

S/ JUSTO ARENAS
United States Magistrate Judge