UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MAYRA JIMENEZ-PACHECO,

Petitioner,

UNITED STATES OF AMERICA,

Respondent.

Civil No. 12-1648 (DRD)
Criminal No. 10-335 (DRD)

28 U.S.C. § 2255

**OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is petitioner Mayra Jimenez-Pacheco's ("Jimenez-Pacheco") *Motion To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody* pursuant to 28 U.S.C. § 2255. *See* Docket No. 1. For the reasons set forth below, the *habeas corpus* petition is denied.

This matter was referred to United States Magistrate Judge, Honorable Justo Arenas ("Magistrate Judge Arenas" or "Magistrate Judge"), who recommended, through a *Report and Recommendation* entered on May 8, 2015, that the petitioner's motion for post-conviction relief be denied. *See* Docket No. 8. As of this date, the *Report and Recommendation* issued by the Honorable Magistrate Judge Arenas stands unopposed. The *Report and Recommendation* is, hence, deemed unopposed to be reviewed only under the "plain error" standard.

**Standard of Review**

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); Rule 72 of the Local Rules for the District of Puerto Rico ("Local Rules"). *See Mathews v. Weber*, 423 U.S. 261 (1976). As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72; Fed.R.Civ.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992). Thus, in order to accept the unopposed *Report and Recommendation*, the Court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the unobjected legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(*en banc*)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R. 2001) ("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed.R.Civ.P 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

In the instant case, the Magistrate Judge issued a *Report and Recommendation* on May 8, 2015, Docket No. 8. The Magistrate Judge granted the parties fourteen days to object the *Report and Recommendation*, from its receipt. The record shows that, as of this date, the *Report and Recommendation* stands unopposed. We therefor review the Magistrate's *Report and Recommendation* only under "clear erroneous" or "plain error" standard.

2

**Factual and Procedural Background**

Petitioner Jimenez-Pacheco was a former uniformed law enforcement officer of the Police of Puerto Rico, who after being indicted on September 16, 2010 in a reverse sting operation, pled guilty in three counts of a sixteen count indictment. The Indictment included five other law enforcement defendants, who were also indicted in the same reverse sting operation. "The defendants were all uniformed members of the Police of Puerto Rico." *See Report and Recommendation*, Docket No. 8, page 1. The Magistrate Judge further found:

> Petitioner was charged in Count Ten in that beginning on or about January 12, 2010 and up and including January 14, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this court, she and Raphael Urena Rivera did knowingly and intentionally combine, conspire, confederate, and agree together with each other and others, both known and unknown to the Grand Jury, to commit an offense against the United States, that is to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii)(II) and 846. (Criminal No. 10-335 (DRD), Docket No. 3). Count Eleven of the indictment is the corresponding substantive charge under 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Count Eleven charges these two defendants with violating the corresponding aiding and abetting statute, 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Count Eleven charges these two defendants with violating the corresponding aiding and abetting to possess with the intent to distribute cocaine on January 14, 2010. Count Twelve charges petitioner with a firearms offense committed the same date, that is with knowingly possessing a firearm in furtherance of a drug trafficking crime as defined in Title 18, U.S.C. § 924(c)(2), that is, a violation of Title 21, U.S.C. § 841(a)(1) and 846, involving a conspiracy and attempt to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, as charged in Counts Ten and Eleven of the Indictment herein, an offense, either of which may be prosecuted in a court of the United States, all in violation of 18 U.S.C. Section 924(c)(1)(A) and 2. [Fn.3]
>
>> [Fn.3] Policemen and women who are charged in this court with protecting drug transactions are typically charged in this fashion. *See United States v. Diaz-Diaz*, 433 F.3d 128, 131-32 (1st Cir.2005); *United States v. Sanchez-Berrios*, 424 F.3d 65, 72 (1st Cir.2005); *Reyes-Velazquez v. United States*, 2012 WL 4483679 (D.P.R. March 5, 2012); *cf. United States v. Cortes-Caban*, 691 F.3d 1 (1st Cir.2012).

*See Report and Recommendation*, Docket No. 8, pages 1-3.

Petitioner Jimenez-Pacheco, together with other law enforcement agents, was indicted on September 16, 2010, on three counts (Counts Ten, Eleven and Twelve) of a 16-count indictment involving possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), and 846. *See* Docket No. 8, pages 2-3. Count Twelve charges Jimenez-Pacheco with a firearms offense of possession of a firearm on the same date of the drug possession in furtherance of a drug trafficking crime, as provided by 18 U.S.C. § 924(c)(2), constituting a violation of 21 U.S.C. §§ 841(a)(1) and 846, "involving a conspiracy and attempt to possess with intent to distribute five kilograms or more a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, as charged in Counts Ten and Eleven of the Indictment." *See* Docket No. 8, pages 2-3.

The record of the Court further shows that petitioner, notwithstanding having received a reduction of her sentence, she filed a tardy notice of appeal on the grounds of mitigating factors that were not considered by the Court at the time of sentencing. *See Report and Recommendation*, Docket No. 8, page 6.

As thoroughly explained in the *Report and Recommendation*, Docket No. 8, the petitioner's motion under 28 U.S.C. § 2255(a) is denied without evidentiary hearing, as the written record of the case pellucidly demonstrates that the petitioner was duly forewarned as to the waiver and surrender of her "right to appeal the judgment and sentence in this case." *See Minutes* of March 30, 2011, Criminal No. 10-335[5], Docket No. 150, and *Plea Agreement*, Docket No. 146, ¶ 15, page 7. The record shows that the petitioner agreed to the applicability of the United States Sentencing Guidelines, as well as to the sentence recommendation set forth in the *Plea Agreement. See* Docket No. 146, ¶¶ 7 and 8. The *Plea Agreement* includes a sentence recommendation of a total of 108 months of incarceration, that is, 48 months for Count Ten, and 60 months for Count Twelve, as provided by 18 U.S.C. § 3553 *et seq. See* Docket No. 146, ¶ 8.

At the sentencing hearing held on August 5, 2011, the Court on its discretion, sentenced petitioner Jimenez-Pacheco to a total of 106 months of incarceration, as opposed to the 108 months agreed on the *Plea Agreement. See* Docket No. 198. Hence, petitioner's sentence was "slightly below the recommendation

contained in the plea agreement, thus triggering the [defendant's] waiver of appellate rights." *See Judgment* entered on August 8, 2012 by the United States Court of Appeals for the First Circuit ("First Circuit"), Docket No. 238. "She [Jimenez-Pacheco] did not take a timely appeal after sentencing, but she did file a notice of appeal dated January 2012, which was docketed in the district court in February 2012 and in this court in March 2012." *Id.* Eventually both the Government and the defense agreed that the appeal was untimely. "Defense counsel advises that she has conferred with her client and has no indication of any 'extraordinary' circumstances causing delay in the notice of the appeal." *See* Docket No. 238. The First Circuit dismissed defendant's appeal without prejudice as untimely, and also without prejudice as to defendant's rights under 28 U.S.C. § 2255, specifically as to the one-year period of limitation, 28 U.S.C. § 2255(f). *Id.* The record further shows that the instant petition for *habeas corpus* under 28 U.S.C. § 2255 was duly timely filed.

After having plead guilty and sentenced, petitioner Jimenez-Pacheco now moves for relief under 28 U.S.C. § 2255 of the sentence imposed on the grounds that the Court could have imposed the minimum time under the Sentencing Guidelines, as opposed to the maximum sentence.

> Petitioner argues the following grounds for relief: 1) the weapon that she carried which appears in the only video is her regulation firearm which she carried all the time, and with which she had no intention of threatening anyone. Nor did she have the slightest intention of using the same. Nor did she threaten anyone with it; 2) The sentence imposed upon her in the firearms count is more than is contemplated by the law. She complains she received the maximum sentence; 3) Offense Level 21 in the cocaine charge begins at 37 months and ends at 46 months, and for a first offender, she received the maximum within the guideline when she could have received the minimum. (Docket No. 1 at 10).

*See* Docket No. 8, page 6.

The Government filed its *Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255*, Docket No. 4, opposing the relief requested on the

grounds that petitioner's arguments are meritless.[1]

---

[1]     The Court notes that the Government included, in support of its argument, part of the colloquy of the petitioner and the Court at the change of plea and sentencing hearings, which is worth citing. Although the Government's transcript request was duly filed under Docket entries No. 239, 241, the transcripts *per se* were not filed with the Court.

> THE COURT: All right. The second count that you are accepting is count 12, which charges that on or about January 14, 2010, in the district of Puerto Rico and within the jurisdiction of this Court, you, Mayra Jimenez Pacheco, the defendant herein, did knowingly possess a firearm in furtherance of a drug trafficking crime. And the drug trafficking crime, is covered by 18 U.S.C. 1924C(2). (sic). That is a violation of Title 21, United States Code section[s] 841(A)(1) and 846 involving a conspiracy and attempt to possess with intent to distribute five kilos or more of a mixture or substance containing a detectable amount of cocaine.
>
> This is basically the carrying of a weapon in furtherance of a drug trafficking crime. And the drug trafficking crime that I explained to you at count 10. Do you understand?
>
> THE DEFENDANT: Yes.
>
> (COP Tr., pp.12-13)

Furthermore, Jimenez-Pacheco acknowledged that the firearms count carried a minimum consecutive sentence of sixty (60) months.

> THE COURT: Now, the 60 months is a defined sentence. I cannot change that. Do you understand that, ... Ms. Mayra Jimenez Pacheco?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And the law requires me to make the sentence relating to the weapons consecutive. Not concurrent. Do you understand that, Ms. Mayra Jimenez Pacheco?
>
> THE DEFENDANT: Yes, Your Honor.
>
> (COP Tr., p. 27)

The record further reflects that the statutory minimum sentence for the firearms offense and its consecutive nature were again detailed by the prosecutor. Jimenez-Pacheco acknowledged understanding the prosecutor's explanation.

> MR. COKER: Yes, Your Honor. In addition to the count that the Court has already covered the maximum possible punishment for the 924C (sic) count, the possession of a firearm in relation to a drug trafficking crime, would carry a minimum term of five years and up to life imprisonment; also a fine not to exceed $250,000 and a term of supervised release of not more than five years.

| | |
|---|---|
| | This sentence would run consecutive to any sentence that the Court would impose in the other drug count for both defendants. |
| THE COURT: | But I thought that the 924C (sic) was a fixed five-year term. |
| MR. COKER: | No, Your Honor. It is five years up to life. |
| THE COURT: | Okay. Thank you. |
| MR. COKER: | The minimum is five. |
| THE COURT: | Do you understand that gentleman and lady? |
| THE DEFENDANT: | Yes. |
| THE DEFENDANT: | Yes, sir. |

(COP Tr., p. 33)

See Report and Recommendation, Docket No. 3-5.

. . .

| | |
|---|---|
| THE COURT: | All right. Do you further understand that the Court is not bound by the recommendations made at the plea agreement, particularly, as to the sentence of the conspiracy relating to possession with intent to distribute? . . . Ms. Mayra Jimenez-Pacheco? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | In other words, there is a recommendation of 48 months. This Court does not have to follow that recommendation. Do you understand that? |
| THE DEFENDANT: | Yes, sir. |

(COP Tr., pp. 26-27)

| | |
|---|---|
| THE COURT: | Now, do you understand that after it has been determined what the advisory guidelines are to the case, the Judge has the authority, in some circumstances, to impose a sentence that is more severe or less severe by the sentence called by the advisory guidelines. Do you understand that, Ms. Mayra Jimenez-Pacheco? |
| THE DEFENDANT: | Yes, sir. |

(COP Tr., p. 38)

| | |
|---|---|
| THE COURT: | I am now going to repeat only two questions because these are the essence of this plea. Do you both understand that the Court is not bound by the plea. You may not withdraw it. But you will always have the right to appeal it if it is higher than you agreed. Do you understand |

7

The Court further finds relevant to include part of the Government's well supported argument:

> Thus, Jiménez-Pacheco is not entitled to relief. Her conviction is not premised on the use of a firearm, but on the possession and carrying of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c)(1)(A), which carries a minimum consecutive sentence of sixty (60) months. That is the charge of conviction to which she pled guilty to. Additionally, the court's judgment reflects that in relation to the firearm offense, the statutory minimum sentence of sixty (60) consecutive months was imposed, not the statutory maximum of life imprisonment. (SH Tr., p. 12).
>
> Moreover, since Jiménez-Pacheco failed to raise her claims in a direct appeal from her conviction, the claims are procedurally barred from review under §2255. *Bucci v. United States*, 662 F.3d 18, 27 (1st Cir. 2011) (stating that collateral relief in a §2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal). Collateral review under a § 2255 petition will be available only if the petitioner can show both (1) cause for having procedurally defaulted his claim; and (2) actual prejudice resulting from the alleged error. *United States v. Frady*, 456 U.S. 152, 167-168 (1982). Jiménez-Pacheco has failed to make these showings. Therefore, her petition should be denied.

---

>                                     that?  Ms. Mayra Jimenez-Pacheco?
>
> THE DEFENDANT:     Yes, sir.

(COP Tr., pp. 48-49)

> There was no error in the court's sentence.  The court took into account Jimenez-Pacheco's personal circumstances, experience, academic record and unblemished record as a police officer.
>
> THE COURT:    ... Before the Court stands a 32-year old white Hispanic female with one dependent.  She has a criminal justice associate degree earned from the police academy and was a Puerto Rican police officer for approximately 10 years.
>
> She has an unblemished record as a policeman. ...  The Court has also taken into consideration the plea agreement between the parties and finds that the agreed-upon sentence recommendation will afford adequate deterrence and provide just punishment for the offense committed.

(SH Tr., 8/5/11, p. 11)

> Taking into account all these elements the court properly structured a sentence that was two (2) months lower than what she stipulated with the government. *United States v. Geer*, 923 F.2d 892, 897 (1st Cir.1991) (district court has almost unfettered discretion in determining what information it will hear and rely upon in sentencing deliberations).

*See Report and Recommendation*, Docket No. 4, pages 4-7.

> **Sentencing range**
>
> Jiménez-Pacheco also alleges that at sentencing the court imposed the upper end of the applicable guideline range, and since she had zero criminal history points the court could have applied the lower end of the applicable guideline range. [Fn.1] This claim is also without merit.
>
>> [Fn.1]: In the present case the total adjusted offense level was twenty one (21) with a criminal history category of One (I), which provided an advisory imprisonment guideline range of thirty seven to forty six (37-46) months.
>
> First, Jiménez-Pacheco stipulated a sentence recommendation of forty eight (48) months, that is, two (2) months in excess of the sentence that was ultimately imposed. (SH Tr., pp. 11-12, 16). Secondly, the record repeatedly reflects that Jiménez-Pacheco acknowledged that the Court was not bound by the sentence recommendation submitted by the parties.
>
> . . .
>
> Taking into account all these elements the court properly structured a sentence that was two (2) months lower that what she [Jimenez-Pacheco] had stipulated with the government. *United States v. Geer*, 923 F.2d 892, 897 (1st Cir.1991) (district court has almost unfettered discretion in determining what information it will hear and rely upon in sentencing deliberations).

*See* Docket No. 4, pages 4-7.

The record shows that the Magistrate Judge issued the *Report and Recommendation* without an evidentiary hearing, as it was unwarranted under 28 U.S.C. § 2255(a). *See* Docket No. 8, page 12.

**Applicable Law and Discussion**

The Court finds that the legal analysis made by the Honorable Magistrate Judge Arenas is complete and thorough, not to mention that it stands unopposed as of the date of this writing. Hence, the Court will incorporate *in toto* the Magistrate Judge's analysis.

> Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:
>
>> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

9

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 n.3 (1962); *David v. United States*, 134 F.3d 470, 474 (1st Cir.1998); *Acevedo-Hernandez v. U.S.*, 2015 WL 859548 at *6 (D.P.R. February 27, 2015).

"When a criminal defendant has solemnly admitted in open court that [s]he is in fact guilty of the offense with which [s]he is charged, [s]he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Lefkowitz v. Newsome*, 420 U.S. 283, 288 (1975) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); see *Perocier-Morales v. United States*, 887 F. Supp. 2d 399, 417 (D.P.R. 2012); *Nieves-Ramos v. United States*, 430 F. Supp. 2d at 43; *Caraballo Terán v. United States*, 975 F.Supp. 129, 134 (D.P.R. 1997). This is exactly what petitioner is doing here.

There was a waiver of appeal clause in the plea agreement. The sentencing court favored petitioner. Substantively the inquiry stops here. Petitioner's proffered grounds for relief do not fall under 28 U.S.C. § 2255 (a).

## IV. PROCEDURAL DEFAULT

With the briefest of analyses as background, I address the matter of procedural default.

> A significant bar on habeas corpus relief is imposed when a prisoner did not raise claims at trial or on direct review. In such cases, a court may hear those claims for the first time on habeas corpus review only if the petitioner has "cause" for having procedurally defaulted his claims, and if the petitioner suffered "actual prejudice" from the error of which [s]he complains.

*United States v. Sampson*, 820 F. Supp.2d 202, 220 (D.Mass. 2011), citing *Owens v. United States*, 483 F.3d 48, 56 (1st Cir. 2007), also citing *Oakes v. United States*, 400 F.3d 92, 95 (1st Cir. 2005) ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted.") **To obtain collateral relief in this case, petitioner must show cause excusing her double procedural default and actual prejudice resulting from the errors she is complaining about.** *See United States v. Frady*, 456 U.S. 152, 167-68 (1982). **She has in fact shown no prejudice at all. Indeed she was the recipient of a merciful sentence, with the scales of justice tipping slightly in her favor. That said, petitioner's argument suffers from double procedural default, that is, failure to initially attack the validity of the basis for conviction by not moving to withdraw her guilty plea at the trial level, and failure to file a timely notice of appeal after sentencing.** *See United States v. Frady*, 456 U.S. at 167-68. (Emphasis ours).

A guilty plea serves as a stipulation that no proof by the prosecution is further needed, since it supplies both evidence and verdict, thus ending the controversy. *Boykin v. Alabama*, 395 U.S. 238, 242 n. 4 (1969). *See Perez v. United States*,

2007 WL 1830510 at *5 (D.P.R. June 25, 2007). The guilty plea is an admission that she committed the crime charged against her. *United States v. Broce*, 488 U.S. 563, 570 (1989), cited in *United States v. Correa-Manso*, 2006 WL 1514364 at *3 (D.P.R. May 30, 2006). Petitioner protected sham cocaine thinking it was real cocaine. She carried her service firearm when she did that. And she and her co-defendant Rafael Urena were each paid $2,000 for their protective services. (Criminal No. 10-335 (DRD), Docket No. 146 at 13). **She could have received a sentence of 20 years as to Count Ten and life imprisonment in Count Twelve, and she was clearly aware of her exposure. Furthermore her pleadings reflect degree of ignorance in relation to her case that can only be described as wilful since she was a law enforcement officer at the time of the offense and aware of her rights under the law to a greater degree than a member of the elementary mass. The dialogue at the change of plea hearing only reaffirms that conclusion. This further reinforces the conclusion that the motion lacks merit.** (Emphasis ours).

Habeas corpus is an extraordinary remedy and is granted sparingly. [Fn.4] Direct review is more defendant-friendly than post-judgment review. *United States v. George*, 676 F.3d 249, 258 (1st Cir.2012), citing *United States v. Frady*, 456 U.S. 165-66. Thus it is in this case. *See Ellis v. United States*, 313 F.3d 636, 644-45 (1st Cir.2002). This case does not invite an extraordinary remedy. It does not invite an ordinary remedy because it does not involve the violation of any rights at all. It is another example of the writ's commonplace use as an additional appeal. In short, the government complied with its part of the plea agreement, the court tempered justice with mercy, and petitioner somehow feels that she has an entitlement to additional judicial munificence. She is simply mistaken.

> Fn.4: The nature of the extraordinary writ is internationally recognized by scholars. *See* Antonio R. Bautista, *Habeas Corpus as a Post-Conviction Remedy*, Vol. 75 *Philippine L.J.* 553, 564-65 (2001); Cristina Fuertes-Planas Aleix, *Habeas Corpus*, No. 4 *Rev. De Estudios Politicos* (Nueva Epoca) 193, 203 (Oct.-Dece. 1998); H.F. Rawlings, *Habeas Corpus and Preventive Detention in Singapore and Malaysia*, Vol. 25 *Malaya L.Rev.* 324-350 (1983). *See Landron-Class v. U.S.*, ___ F.Supp.3d ___, 2015 WL 629301 at *4 (D.P.R. February 11, 2015).

In view of the above, I find that petitioner Mayra Jimenez-Pacheco's motion is meritless. Indeed, petitioner filed a motion seeking reduction of her sentence under U.S.S.G. Amendment 782 on November 7, 2014. (Criminal No. 10-335 (DRD), Docket No. 250). I issued a favorable report and recommendation on Christmas Day 2014 and the parties subsequently stipulated a sentence reduction to 37 months in the drug count. (Criminal No. 10-335 (DRD), Docket No. 250). Ultimately, again, petitioner received an even better sentence. *Cf. United States v. Nieves-Velez*, 28 F.Supp.3d at 133-34.

Accordingly, it is my recommendation that petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Docket No. 1) be DENIED. No

> evidentiary hearing is warranted because the motion does not pass muster under 28 U.S.C. § 2255(a).
>
> Based upon the above, I also recommend that no certificate of appealability be issued, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lassalle-Velazquez v. United States*, 948 F.Supp.2d 188, 193 (D.P.R.2013).

*See Report and Recommendation*, Docket No. 8, pages 7-12.

As a final note, the Court reminds petitioner Jimenez-Pacheco of the burden that she carries when questioning the reasonableness of a sentence imposed, particularly when the sentence follows a plea agreement. In *United States v. Maisonet-Gonzalez*, 785 F.3d 757, 762 (1st Cir.2015) (Torruella, J.), the Court regarding the reasonableness of the sentence imposed held:

> "When conducting this review, we take into account the totality of the circumstances, including the extent of any variance" from the Guidelines. *United States v. Trinidad-Acosta*, 773 F.3d 298, 309 (1st Cir.2014) (quoting *United States v. Rivera-Moreno*, 613 F.3d 1, 8 (1st Cir.2010)). **"Although we evaluate the reasonableness of a sentence even when it falls within the Guidelines, 'a defendant that attempts to brand a within-the-range sentence as unreasonable must carry a heavy burden.'"** *United States v. Battle*, 637 F.3d 44, 51 (1st Cir.2011) (quoting *United States v. Pelletier*, 469 F.3d 194, 204 (1st Cir.2006)). **A sentence will withstand a substantive reasonableness challenge so long as there is "a plausible sentencing rationale and a defensive result."** *United States v. Martin*, 520 F.3d 87, 96 (1st Cir.2008). (Emphasis ours).

In view of the foregoing, the Court finds that the petitioner's "mitigating grounds" alleged in her § 2255 petition, questioning the reasonableness of the sentence imposed, are meritless and unsupported in the record and/or with the evidence, and certainly not part of the plea agreement. As stated in *Maisonet-Gonzalez*, 785 F.3d at 762, and the collection of cases cited therein, the petitioner failed to meet the heavy burden carried when questioning the reasonableness of a sentence imposed, particularly when the sentence imposed is favorable to the petitioner, as it was lower that the recommended sentence, and still within the Guidelines.

The Court further finds that there are no procedural defects in the plea agreement, as well as in the change of plea and sentencing hearings. Indeed, petitioner Jimenez-Pacheco benefitted from the lowering of her sentence, and by the First Circuit, when the petitioner's appeal was dismissed as untimely but without prejudice to pursue her rights under a *habeas corpus* petition as provided by 28 U.S.C. § 2255. *See Judgment*, Docket No. 238.

### Certificate of Appealability

For the reasons previously stated, the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. § 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### Conclusion

The Court fully agrees with the analysis and the recommendations made by the Honorable Magistrate Judge Arenas, hence, the Court adopts *in toto*, the *Report and Recommendation*, Civil No. 12-1648, Docket No. 8, as supplemented herein, and incorporates the same herewith.[2]

The Court further finds that there is no plain error, in the well supported analysis made by Magistrate Judge Arenas based on the record and the applicable law. The Court finds no "plain error" as to the *Report and Recommendation* issued, particularly as to the legal analysis that renders the petitioner's arguments unworthy of the remedy requested.

For the reasons set forth above, petitioner's *Motion to Vacate, Set Aside, or Correct Criminal Sentence Pursuant to 28 U.S.C. § 2255*, Docket No. 1, is denied. Petitioner's claims are hereby dismissed

---

[2] "The Court need not go further for it refuses to write at length to no other end than to hear its own words resonate as to the instances alleged as errors by plaintiff." Where as here, a [Magistrate] "has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *See Lawton v. State Mut. Life Assu. Co. Of Am.*, 101 F.3d 218, 220 (1st Cir.1996); *Ayala v. Unión de Tronquistas de Puerto Rico, Local 901*, 74 F.3d 344, 345 (1st Cir.1996); *In Re San Juan Dupont Plaza Hotel Fire Litig.*, 989 F.2d 36, 38 (1st Cir.1993).

with prejudice.

Judgment will be entered accordingly.

This case is closed for all administrative and statistical purposes.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2015.

s/Daniel R. Domínguez<br>
DANIEL R. DOMINGUEZ<br>
United States District Judge